## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| -vs- | § | Crim. No. EP-04-CR-2091(KC) |
| | § | |
| OMNI CONSORTIUM, INC. *et al* | § | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| -vs- | § | Crim. No. EP-04-CR-2094(KC) |
| | § | |
| ROLANDO SOTELLO and | § | |
| JUAN CANALES | § | |

## ORDER

On October 26, 2004, the Government filed notices of appeal pursuant to 18 U.S.C. § 3145(a)(1) to revoke the orders of release issued by Magistrate Judge Calvin Botley of the United States District Court for the Southern District of Texas as to defendants **Florita Cedro Tolentino**, **Noel Cedro Tolentino** and **Juan Canales**. On the same day, this Court issued orders staying the execution of such orders until the proceedings before Judge Botley could be reviewed. Presently pending before this Court is the Government's motion for leave to present supplemental evidence, the Government's motion to inquire into the source of property offered to secure bond and the appeals from Judge Botley's orders. Each shall be addressed in turn.

The Government now moves for leave to present supplemental evidence at a second hearing, arguing that the detention hearing was held out-of-district, that the Assistant United States Attorney for the Southern District representing the Government at the hearing was not capable of addressing all issues presented and that the agent testifying was not privy to facts arising from conversations between counsel. The standard for permitting a second hearing is well-established. "Under the Bail Reform Act a hearing may be reopened at any time before trial



if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue [of risk of flight or dangerousness]." *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989)(internal quotation marks omitted). Without reaching the question of materiality, at a minimum the Government was aware of the proposed new evidence at the time of the original hearing. It is not sufficient to argue after an unfavorable outcome that the Government representative at the time or witnesses presented were not as well versed on the relevant facts as others might be. Further delay pending a second hearing would not comport with the objective of the Bail Reform Act. *United States v. Bright*, 541 F.2d 471, 475 n.3 (5th Cir. 1976)("the purpose of the Bail Reform Act was to assure that all persons, regardless of their financial status shall not needlessly be detained pending their appearance to answer charges, to testify, or pending appeal, when detention serves neither the ends of justice nor the public interest"). The motions (EP-04-CR-2091: Doc. No. 27; EP-04-CR-2094: Doc. No. 14) are **denied**.

The Government furthers moves to inquire into the source of property offered to secure bond. While the Government is entitled to disclosure of such information at the initial detention hearing, 18 U.S.C. § 3142(g)(4)(describing factors to be considered by judicial officer in determining whether conditions of release might insure appearance), such entitlement does not extend to a subsequent appeal if the request were not raised at the original detention hearing. Nonetheless, this Court has directed that defense counsel provide this information prior to resolution of the present appeals. Defense counsel have provided the required information, indicating that friends and family of the individual defendants will be securing bond. The Government's motions to inquire into the source of property offered to secure bond (EP-04-CR-2091: Doc. No. 26; EP-04-CR-2094: Doc. No. 13) are **granted**.

2

Proceeding to the merits of the present appeals, this Court has reviewed the audio recordings of the proceedings before Judge Botley, transcripts and Pretrial Services Reports applicable to the individual defendants. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985)(providing for *de novo* review of detention hearing). This Court is not persuaded that the conditions of release established by Judge Botley will not insure defendants' presence at trial, nor does the evidence provided establish by a preponderance of the evidence that the individual defendants constitute a risk of flight or a danger to the community.

The Government's appeals from the decisions of Judge Botley granting release on bond for the above defendants (EP-04-CR-2091: Doc. No. 18; EP-04-CR-2094: Doc. No. 8) is **denied**. The Order staying execution of Judge Botley's orders (EP-04-CR-2091: Doc. Nos. 19 and 20; EP-04-CR-2094: Doc. No. 9) is hereby **vacated**. The individual defendants are granted release on bond pursuant to the terms set forth in Judge Botley's original orders.

SO ORDERED.

Dated at El Paso, Texas, November 18, 2004.

_____
Kathleen Cardone
United States District Judge

3